IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY, | Cause No. CV 23-114-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| THE MONTANA SUPREME COURT, | |
| Respondent. | |

Tracey Godfrey, a state prisoner proceeding pro se, has filed an appeal from the Montana Supreme Court's refusal to file a petition for a writ of mandate (Doc. 1.) Godfrey demands damages be awarded by the Court and explains the filing is a "Montana Tort Action" under Montana Code Annotated § 2-9-108(2). (*Id.*)

Attached to Godfrey's filing are various exhibits, including a letter outlining the filing restriction that has been placed upon Godfrey by the Montana Supreme Court. This restriction requires that prior to mounting a challenge to his 2013 conviction, Godfrey is required to file a motion for leave to file which makes a preliminary showing that the filing has merit. (*See* Doc. 1-1 at 1). Godfrey's most recent filings, (*id.* at 2-11), were reviewed by the Clerk of Court and returned to Godfrey on September 25, 2023, pursuant to the Montana Supreme Court's prior order. (*Id.* at 1.)

1

This Court is very familiar with Godfrey's state sentence and repeated challenges to the same. In 2014, Godfrey filed a petition for writ of habeas corpus in this Court; the petition was denied on the merits. See, *Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. May 5, 2014). In the years that followed, despite being provided a full review of his claims and being advised of this Court's lack of jurisdiction to entertain a second or successive petition, Godfrey filed ten successive challenges the same 2013 state court conviction.[1] In 2020, Godfrey was advised that unless he contemporaneously filed an authorization from the Ninth Circuit permitting him to file a second/successive petition challenging his 2013 state court conviction and sentence, no future filings would be accepted. *See Godfrey v. Salmonsen*, Cause No. 20-132-M-DLC, Or. (D. Mont. Oct. 7, 2020). Godfrey also attempted to file a "Petition for Writ of Supervisory Control" in this Court; that matter was also dismissed. *Godfrey v. Montana Supreme Court*, Cause No. 22-120-M-DLC, Or. (D. Mont. July 13, 2022).

---

[1] See, *Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. June 12, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, No. CV 14-190-M-DLC (D. Mont. June 20, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, No. CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (petition dismissed); *Godfrey v. Guyer*, No. CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, No. CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-20-20-M-DLC (D. Mont. March 5, 2020)(dismissed for lack of jurisdiction); *Godfrey v. Salmonsen*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020)(dismissed for lack of jurisdiction; *Godfrey v. Salmonsen,* CV-20-122-M-DWM (D. Mont. Aug. 20. 2020)(Rule 60 motion denied).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). As a court of limited jurisdiction, this Court has an obligation to dismiss claims for which there is a lack of subject matter jurisdiction. *Demarest v. United States*, 718 F. 2d 964, 965 (9th Cir. 1983); *see also Attorneys Trust v. Videotape Computer Products, Inc*., 93 F. 3d 593, 594-95 (9th Cir. 1996). Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See e.g., Rooker v. Fid. Trust Co*., 263 U.S. 413, 425-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also, MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions").

Godfrey has not alleged any basis for federal jurisdiction. There is no federal question, *see* 28 U.S.C. § 1331, and he has not invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. This Court does not have appellate review over the Montana Supreme Court. In short, Godfrey's filing is frivolous and constitutes another attempt to obtain review of his 2013 state sentence. This matter will be dismissed; there is no doubt this Court lacks jurisdiction.

Accordingly, IT IS HEREBY ORDERED as follows:

1. This matter is DISMISSED for lack of jurisdiction. Amendment would be futile.

2. The Clerk of Court is directed to enter judgment, pursuant to F. R. Civ. P. Rule 58.

3. The Court certifies that any appeal of this decision would not be taken in good faith.

4. This action is CLOSED. No further filings may be made in this matter.

DATED this 3rd day of October, 2023.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court